UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JOHN LIVIGNI,

Defendant.

25cr484-3 (DLC)

OPINION AND ORDER

APPEARANCES:

For the United States of America:

Adam Z. Margulies
Frank J. Balsamello
Lauren E. Phillips
Remy K. Grosbard
U.S. Attorney's Office for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

For defendant John Livigni:

Elena Fast
Michael S. Perkins
The Fast Law Firm, P.C.
521 Fifth Avenue, 17th Floor
New York, NY 10175

DENISE COTE, District Judge:

Defendant John Livigni moves to preclude Government expert testimony regarding common agreements among drug dealers and the use of firearms in connection with certain drug distribution activities. For the following reasons, the motion is denied.

**Background**

Trial is scheduled to begin in this criminal case on September 14, 2026. Livigni is charged with conspiring to distribute fentanyl, fentanyl analogues, heroin, cocaine and crack in the Washington Square Park area of New York City between 2020 and 2025, and of possessing a firearm in furtherance of that conspiracy. The Indictment charges that two people died, and another was seriously injured as a result of this drug distribution conspiracy.

On August 21, 2026, the Government provided defense counsel with a five-page description of the expert testimony that it expected to elicit at trial from Alfred Hernandez, the Director of Investigations with the New York City Department of Investigations. Director Hernandez is also a Task Force Officer with the Drug Enforcement Administration. The disclosure identified six areas of testimony. On August 26, Livigni moved to exclude testimony regarding three of those areas. In its opposition to the motion, the Government withdrew its proffer regarding one area and a portion of the second area. The defendant’s motion therefore remains relevant to Director Hernandez’s expected testimony on the following two topics: (1) common agreements or arrangements among street-level drug dealers in close physical proximity; and (2) the possession and

use of firearms in connection with drug distribution in areas of low violence and high police presence.

## Discussion

Under Rule 702, Fed. R. Evid., expert testimony may be admitted if, inter alia, "it is more likely than not that the expert's 'specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.'" United States v. Pollok, 139 F.4th 126, 139 (2d Cir. 2025) (quoting Fed. R. Evid. 702). Expert testimony on "general background concepts is permissible under Rule 702 where it helps to explain or put into perspective characteristics and operating practices common to certain criminal conduct, with which a jury may not be familiar." Id. at 140. A district court may not, however, admit expert testimony where "the subject matter of the expert's testimony is not beyond the ken of the average juror." United States v. Zhong, 26 F.4th 536, 555 (2d Cir. 2022) (citation omitted). Nor may the court admit expert testimony that "impermissibly mirrors the testimony offered by fact witnesses." United States v. Mejia, 545 F.3d 179, 194 (2d Cir. 2008) (citation omitted). A risk of prejudice may arise when a law enforcement officer with knowledge of the case provides "'dual' police testimony," "both inflating [his] expert opinions through his personal involvement in the case and bathing his lay

testimony in the aura of 'expertise.'" United States v. Willis, 14 F.4th 170, 186 (2d Cir. 2021) (citation omitted).

Expert testimony is also subject to Rule 403, Fed. R. Evid. It may be excluded if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## I. Conspiratorial Agreements

Director Hernandez's testimony regarding agreements among drug dealers working in close proximity to each other is highly relevant to the issues to be tried. Livigni is charged with conspiring to distribute controlled substances in an area in which at least two groups or teams of drug dealers operated. Livigni is described in an Indictment as leading one team, which principally operated on Sixth Avenue between West 8th and West 9th Streets, and two blocks north. He is described in that Indictment as being the principal representative of his team in reaching mutual agreements and understandings with the other team, whose principal territory was within nearby Washington Square Park. The teams and those with whom they were associated are described as sharing workers, notifying each other of law enforcement activity, steering customers to each other, sharing sources of drug supply, and defending their territory from

competition. It appears that a principal defense to this charge will be that there was no single conspiracy and therefore Livigni is not responsible for the drug distribution activity and deaths that cooperating witnesses who allegedly worked in the conspiracy and others will describe to the jury.

Director Hernandez had no role in this investigation and prosecution. The Government represents that he has not been provided with "background information" about this case. The Government proffers that he will testify that even in the absence of a well-defined organizational structure, narcotics dealers who deal drugs in close physical proximity to each other may have explicit and implicit agreements with each other about the types of drugs being sold, the locations where dealers may make sales, the response to law enforcement activity, and other things. His expert opinion will not be "inflat[ed] . . . through his personal involvement in the case." Willis, 14 F.4th at 186 (citation omitted).

This testimony is not only relevant, but it fits squarely within the boundaries of expert testimony permitted by Rule 702. The testimony also raises no Rule 403 concerns, nor has the defendant identified any.

The defendant makes two arguments in support of his motion to preclude. First, he argues that the average juror is easily

capable of understanding this subject without expert testimony. But the fact that two separate teams of drug dealers in neighboring areas might collaborate, rather than compete, and how and why they might choose to do so is not within the ordinary ken of an average juror. See United States v. Dukagjini, 326 F.3d 45, 52 (2d Cir. 2003) ("[W]e have consistently upheld the use of expert testimony to explain . . . the operations of drug dealers . . ..").

Second, the defendant argues that the testimony improperly seeks to bolster the testimony of the Government's fact witnesses. The Second Circuit has rejected similar challenges where, like here, experts offer "general testimony" based on their expertise, rather than on any knowledge of the defendant or "materials specific to this case." Pollak, 139 F.4th at 142; see also United States v. Lombardozzi, 491 F.3d 61, 78 (2d Cir. 2007) (affirming admissibility of expert testimony about methods used by alleged criminal organizations without linking the defendant with particular criminal conduct). Director Hernandez's proffered testimony is not specific to the facts of the case but rather conveys his specialized knowledge of drug conspiracy operations. Although it may be consistent with the anticipated testimony of fact witnesses, who will describe the specific arrangements between Livigni and other dealers in the

area, his proffered testimony on the common dynamics of street-level drug operations does not impermissibly "mirror" their fact-specific testimony.

## II. Firearm Usage in Connection with Drug Distribution

Livigni is charged with possession and use of a firearm in furtherance of the drug distribution conspiracy. It appears from the parties' submissions that the trial evidence will show that those selling drugs in the Park and its vicinity did not ordinarily carry weapons but that Livigni once brought a firearm to the area when he had a conflict with another person and that he hid a firearm in his car.

The Government intends to elicit from Director Hernandez that in areas with less drug-related violence and a relatively high police presence, such as neighborhoods with universities and tourist attractions, narcotics dealers may keep firearms nearby, for instance in cars, but do not carry them on their persons because the weapons' presence can increase a drug dealer's risk of exposure to the police. He will explain that the absence of firearms indicates that drug dealers have reached agreements to coexist with each other.

This testimony is relevant to the issues to be tried and is admissible under Rule 702. In addition to providing the jury with insight into firearm usage by drug dealers that it might

not otherwise have, the testimony will also help the jury assess Livigni's anticipated argument that no firearm was ever found in his or his team's possession. The testimony also does not raise any Rule 403 concerns, and Livigni offers no arguments to the contrary.

Livigni again argues that this testimony is inadmissible because it is obvious to the average juror. Director Hernandez's proffered testimony, however, is based on his specialized knowledge of how and when drug dealers choose to use firearms in furtherance of their dealing, and what those choices might suggest about their drug territory and agreements with other dealers. Such insight into the specific dynamics of the drug business is not within the ken of the average juror.

Livigni also argues that this testimony has the sole purpose of bolstering Government witness testimony by cloaking it with the authority of expert testimony. As already explained, however, Director Hernandez's testimony will provide general information about the use of firearms in drug dealing conspiracies, without any mention of the defendant, his firearm, or any other facts specific to this case. Such testimony does not impermissibly bolster the testimony of other witnesses, who will link Livigni to particular criminal conduct, but rather will provide the jury "with contextual background" to help "in

evaluating the [other] evidence presented in this case."
Pollak, 139 F.4th at 142.

## Conclusion

Livigni's August 26 motion in limine is denied.

Dated: New York, New York
September 3, 2026

DENISE COTE
United States District Judge